## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ALONSO GUARDADO FLORES       *
1451 Park Road NW       *
Washington, DC 20010       *
      *
DALILA ALVAREZ AKA CARMEN MARTINEZ       *
4229 29th Street       *
Mount Rainier, MD 20712       *
      *
    PLAINTIFFS,       *
      *
    V.       *     Case No.: 1:20-CV-332
      *
COLUMBIA STATION, INC.       *
2325 18th St NW       *
Washington, DC 20009-1814       *
      *
    Serve: MAHARI K. WALDEMARION       *
        2325 18th St. NW       *
        Washington, DC 20009       *
      *
      *
MAHARI K. WALDEMARION       *
7110 Granberry Way       *
Springfield, VA 22151       *
      *
And       *
      *
ROMA T. BEREKET       *
7110 Granberry Way       *
Springfield, VA 22151       *
      *
    DEFENDANTS.       *
**********************************************************************

## COMPLAINT

Plaintiffs Alonso Guardado Flores ("Guardado Flores") and Dalila Alvarez a/k/a Carmen Martinez ("Alvarez") (together, "Plaintiffs"), by and through undersigned counsel, hereby submit this Complaint against Columbia Station, Inc. ("Columbia Station"), Mahari K. Woldemaria ("Woldemaria"), and Roma T. Bereket ("Bereket") (collectively, "Defendants") to recover

damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), D.C. Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001, *et seq.* ("DCMWA"), and the D.C. Wage Payment and Collection Law, D.C. Code § 32-1301, *et seq.*, ("DCWPCL") as set forth below.

## PARTIES AND JURISDICTION

1.      Alonso Guardado Flores is an adult resident of the District of Columbia. Dalila Alvarez is an adult resident of the state of Maryland. By participating as named Plaintiffs in this action, Plaintiffs consent to prosecute their claims against Defendants under the FLSA.

2.      Columbia Station is a corporation doing business in the District of Columbia.

3.      Defendants Mahari K. Woldemaria and Roma T. Bereket are husband and wife, are adult residents of the Commonwealth of Virginia, and together, they own and operate Columbia Station.

4.      Defendants employed Plaintiffs to work at the Colombia Station restaurant as cooks and dishwashers.

5.      At all times, Defendants were Plaintiffs' "employers" for purposes of the FLSA, and the DCMWA.

6.      This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b).

## FACTS

7.      Columbia Station is a bar and grill. Mahari K. Woldemaria and Roma T. Bereket owned and operated Columbia Station throughout Plaintiffs' employment. Throughout Plaintiffs' employment, Woldemaria and Bereket:

    a.   Had the power to hire, fire, suspend, and otherwise discipline Plaintiffs;

    b.   Had the power to supervise Plaintiffs' work duties to ensure their work was of sufficient quality;

    c.   Set and controlled Plaintiffs' work schedule or had the power to set and control Plaintiffs' work schedule;

    d.   Set and determined or had the power to set and determine Plaintiffs' rate and method of pay; and

    e.   Controlled, and was in charge of, Columbia Station's day-to-day operations.

8.     Alonso Guardado Flores worked for Defendants from 2015 until November 2019. During the relevant period, Defendants paid Mr. Guardado Flores an hourly rate between $11.50 and $14.00. Mr. Guardado Flores worked, on average, 58.5 hours per week. Mr. Guardado Flores' paystubs did not reflect the number the of hours he worked biweekly. He was not paid for all hours he worked.

9.     Mr. Guardado Flores worked more than 40 hours per week for Defendants. Defendants failed to pay him at one-and-one-half times (1.5x) his regular rates for hours he worked over forty (40) each week.

10.     Dalila Alvarez worked for Defendants from August 5, 2019 until September 29, 2019. During this time, Defendants paid Ms. Alvarez an hourly rate of $10.50. Defendants failed to pay Ms. Alvarez for the weeks of June 16, 2019 to June 25, 2019.

11.     During all times relevant, Defendants failed to pay Plaintiffs the legally required D.C. minimum wage.

12.     Plaintiffs' primary work duties did not qualify for any exemption under the FLSA, DCMWA, and DCWPLC.

3

13.     Defendants' failure and refusal to pay Plaintiffs the wage they rightfully earned as required by the FLSA, DCMWA, and DCWPCL, including overtime at one-and-one-half times (1.5x) their regular rate, was willful and intentional, and was not in good faith.

## CAUSES OF ACTION

### COUNT I
### Violation of Federal Fair Labor Standards Act
### (Overtime)

14.     Plaintiffs re-allege and re-assert each and every allegation set forth above as if each were set forth herein.

15.     The FLSA mandates that an employer must pay its employees overtime wages in the amount of one-and-one-half times (1.5x) the employees' regular rates of pay for all hours worked each week in excess of forty (40) ("overtime hours").

16.     At all times, Plaintiffs were "employees" covered by § 207(a)(1) of the FLSA, and Defendants were Plaintiffs' "employers" under § 207(a)(2) of the FLSA.

17.     Defendants, as Plaintiffs' employers, were obligated to compensate Plaintiffs at the overtime rate of one-and-one-half times (1.5x) Plaintiffs' regular rate for all overtime hours Plaintiffs worked.

18.     As set forth above, Defendants had knowledge and suffered or permitted Mr. Guardado Flores to work overtime hours throughout his employment.

19.     As set forth above, Defendants failed and refused to pay Mr. Guardado Flores one-and-one-half times (1.5x) his regular rate for all overtime hours he worked.

20.     Defendants' failure and refusal to pay Mr. Guardado Flores as required by the FLSA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiffs under Count I for all unpaid overtime

wages in an amount to be proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

**COUNT II**
**Violation of D.C. Minimum Wage Act Revision Act of 1992**
**(Overtime and Minimum Wage)**

21.     Plaintiffs re-allege and re-assert each and every allegation set forth above as if each were set forth herein.

22.     Plaintiffs were Defendants' "employees," and Defendants were Plaintiffs' "employers" within the meaning of the DCMWA, D.C. Code §§ 32-1001 *et seq*.

23.     Defendants, as Plaintiffs' employers under the DCMWA, were obligated to compensate Plaintiffs at the overtime rate of one-and-one-half times (1.5x) Plaintiffs' regular rate of pay for all hours worked per week in excess of forty (40) ("overtime hours").

24.     As set forth above, Defendants had knowledge and suffered or permitted Mr. Guardado Flores to work many overtime hours each week during his employment.

25.     As set forth above, Defendants failed and refused to pay Mr. Guardado Flores time-and-one-half (1.5x) his regular rate for all the overtime hours worked.

26.     Defendants, as Plaintiffs' employers, were obligated to compensate Plaintiffs at an hourly rate in compliance with the D.C. minimum wage requirement set forth in the DCMWA.

27.     As set forth above, Defendants failed to pay Plaintiffs at an hourly rate that complies with the D.C. minimum wage requirement.

28.     Defendants had actual knowledge of the D.C. minimum wage requirement and had actual knowledge that the rate and method by which Defendants paid Plaintiffs was in direct violation of the requirement.

29.     Defendants' failure and refusal to pay Plaintiffs as required by the DCMWA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiffs under Count II, for all unpaid wages in an amount to be proven at trial, plus treble damages, attorney's fees, costs, and any other and further relief this Court deems appropriate.

## COUNT III
### Violation of the D.C. Wage Payment and Wage Collection Law
### (Unpaid Wages)

30.     Plaintiffs re-allege and re-assert each and every allegation set forth above as if each were set forth herein.

31.     Plaintiffs were "employees" and Defendants were Plaintiffs' "employers" within the meaning of the DCWPCL.

32.     Under the DCWPCL, Defendants were obligated to pay Plaintiffs all wages earned and owed for work that Plaintiffs performed.

33.     "Wages" pursuant to DCWPCL (DC Code § 32–1301(3)), "includes a: (A) Bonus; (B) Commission; (C) Fringe benefits paid in cash; (D) Overtime premium; and (E) Other remuneration promised or owed: (i) Pursuant to a contract for employment, whether written or oral; (ii) Pursuant to a contract between an employer and another person or entity; or (iii) pursuant to District or Federal law."

34.     Plaintiffs performed work duties for Defendants' benefit as set forth above for which Defendants failed to pay Plaintiffs all wages earned and required by Federal and District of Columbia law.

35.     Defendants owe Plaintiffs wages for work duties performed as set forth above.

36.     Defendants' failure to pay Plaintiffs wages as set forth above constitutes a violation of Plaintiffs' right to receive wages as guaranteed by the DCWPCL.

37.     Defendants' failure to pay Plaintiffs all wages earned, owed, and required by the DCWPCL was knowing, willful and intentional, was not the result of any *bona fide* dispute between Plaintiffs and Defendants, and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiffs under Count III, for all unpaid wages in such an amount to be proven at trial, plus liquidated damages as provided by statute (quadruple damages), interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

Respectfully submitted,

Michael K. Amster, Esq.
Bar Number: 1001110
Zipin, Amster & Greenberg, LLC
8757 Georgia Ave., Suite 400
Silver Spring, MD 20910
Tel: 301-587-9373
Fax: 240 - 839 - 9142
mamster@zagfirm.com

*Counsel for Plaintiffs*